UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ROBERT GIBSON,                                          CASE NO:

      Plaintiff,

v.

KELLI R. MACKEY, Her unknown
Boyfriend, his Accomplice, and LUC
HAVAN, MARGARITA ISLAND INC.
doing business as SAND BAR ISLAND
BAR & GRILL, OFFICER SIDNEY FITZ-
COY, in his individual capacity, and
WEST PALM BEACH, FLORIDA POLICE
DEPARTMENT,

      Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Robert Gibson ("Gibson") sues Defendants, Kelli R. Mackey, Her unknown boyfriend and his unknown accomplice, Officer Sidney Fitz-Coy, in his individual capacity ("Fitz-Coy"), (the Defendants, with the exception of Officer Fitz-Coy, are at times collectively referred to, as the "Co-Investors") and the West Palm Beach, Police Department and alleges the following:

**JURISDICTION**

1. Plaintiff, Robert Gibson, is a citizen of the State of Florida and of the United States.

2. This complaint seeks damages in excess of Seventy Five Thousand Dollars ($75,000.00).

3. Defendant, Kelli R. Mackey, (Mackey) is a resident of Palm Beach County, Florida and is otherwise sui juris.

4. On information and belief, Mackey's unknown boyfriend resides in Palm Beach County, Florida and his identification may be established through regular discovery procedure.

5. On information and belief, the accomplice of Mackey's unknown boyfriend may be established through regular discovery procedure.

6. MARGARITA ISLAND INC. doing business as SAND BAR ISLAND BAR & GRILL is a Florida corporation located in Palm Beach County, Florida.

7. Defendant, Officer Fitz-Coy was, at all relevant times, a sworn law enforcement officer for the City of West Palm Beach, Florida and is being sued in his individual capacity.

8. At all relevant times, the alleged conduct of Fitz-Coy, in investigating the activities of Plaintiff and drafting the probable cause affidavit concerning purported criminal activity of Plaintiff, was within the scope of his employment as an officer and he was acting under color of law as an law officer of the City of West Palm Beach, Florida.

9. The conduct of Fitz-Coy as alleged in this Complaint is not indemnified by the State of Florida.

10. This Court has subject matter jurisdiction over this case pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §§1331 and 1343(a); the Fourth Amendment to the United States Constitution, the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## INTRODUCTORY FACTS

1. This Complaint seeks compensatory damages for the physical and intentional battery and subsequent unlawful arrest and incarceration of Plaintiff, Robert Gibson by Defendants respectively. Plaintiff, a licensed private investigator, was arrested, incarcerated, criminally prosecuted, and thrust into the public spotlight for crimes he did not commit. Defendants falsely

lodged criminal allegations against Mr. Gibson who suffered, and continues to suffer, significantly as a result of the Defendants' wrongful acts.

2. The factual scenario leading to the Defendants' false allegations against Mr. Gibson concerned a solitary visit by Plaintiff to an establishment MARGARITA ISLAND INC. doing business as SAND BAR ISLAND BAR & GRILL and known simply as the "Sand Bar" at 520 Forest Hill Boulevard in West Palm Beach, Florida 33405.

3. After consuming and paying for one beer, Plaintiff visited the men's room on his way out.

4. Upon arriving at the Men's room, Plaintiff discovered that the Men's Room door was locked and from the voice shouting "just a minute" from inside, was occupied by a female.

5. After a few minutes, a further knock resulted in a female now believed to be Defendant, Kelli R. Mackey, storming out of the men's room with irritated expletives directed at Plaintiff.

6. Some minutes after entering the men's room while standing at the sink, two men, still unknown to Plaintiff, entered and savagely attacked Plaintiff from the rear.

7. Plaintiff was left unconscious on the floor until lifted to his feet and drug out the front door of the establishment by a male, now believed to be Luc Havac.

8. Plaintiff made his way to his vehicle and called 911 to report the crime.

9. Defendant, Officer Fitz-Coy, responded to the call and met Plaintiff at his vehicle to take the report.

10. Upon taking the report, and after speaking with other witnesses, Fitz-Coy handcuffed Plaintiff and transported him to an interim holding area, then to St. Mary's hospital for unrequested procedures and finally on to a holding facility on Gun Club Road.

11. At this point in Plaintiff's career, he was negotiating a joint venture between his company "*1-800-SERVE-EM*" and a finance company by the name of House Account Funding, LLC.

12. In light of the arrest and outstanding charges against Plaintiff, House Account Funding reduced their offer by an amount far in excess of Seventy Five Thousand Dollars ($75,000.00).

13. Although, the state eventually dropped the charges against Plaintiff, he was required to retain counsel and incur ongoing expenses in association with the charges in the interim.

14. All Defendants had their own illegitimate motives for committing crimes and/or asserting that Plaintiff had committed a crime.

15. Defendant, Mackey, apparently wanted to visit revenge on an individual who would dare to interrupt her use of the men's room, notwithstanding the availability of an adjacent women's room.

16. Unknown Defendant friends of Mackey undoubtedly sought out Plaintiff to prove that the two of them were tough enough to beat up an old man attacking from behind.

17. Defendant, Luc Havan, simply wanted to get rid of the battery victim discovered in his establishment without pointing the finger at his regular patrons.

18. Defendant, Fitz-Coy ignored the legitimate complaints of the battered Plaintiff and took the easy path, by helping the establishment in his patrol out of a jam.

19. Defendant, Fitz-Coy charged Plaintiff under Florida Statute 877.03 Breach of the peace; disorderly conduct which states:

> Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

20. An arrest under 877.03 either requires a warrant or the eye witness of the police officer.

21. An exception requiring two eye witness of an officer is available under Florida Statute 509.143 (2) if the law enforcement officer has probable cause to believe that the conduct created a threat to the life or safety of the person or others.

22. Defendant Fitz-Coy's probable cause affidavit states no such thing.

23. As a matter of law, Plaintiff's arrest was illegal.

24. The prosecution terminated in a manner that indicated Plaintiff's innocence of the charge leveled against him.

25. Any of Defendants' allegations to the contrary in this regard were simply false.

26. Defendant Fitz-Coy initiated the arrest, confinement, and prosecution of Plaintiff.

27. His investigation gave rise to factual conclusions in reckless disregard for the truth.

28. Defendants' actions caused Plaintiff to be beaten up, arrested and exposed to reasonable foreseeable fallout emanating from the scandalous police report which falsely characterized Plaintiff as a criminal.

29. Defendant, Fitz-Coy knew, prior to the filing of his affidavit which supported the arrest of Plaintiff that he was simply sweeping the bad acts occurring at the subject establishment under the rug.

30. Defendant, Mackay knowingly generated false information which led to the beating incurred by Plaintiff and ultimately ended in his arrest.

31. This joint action renders Defendants liable under 42 U.S.C. §1982 for their coordinated conduct.

32. The joint action of all Defendants proximately caused the wrongful arrest, incarceration, and criminal prosecution of Plaintiff.

33. The joint action of all Defendants left Fitz-Coy with the absence of arguable probable cause to believe that Plaintiff committed any criminal activity.

34. These Defendants, acting together, engaged in a reckless campaign to cause the arrest of Plaintiff and cause him to suffer tremendously.

## SPECIFIC ACTS OF MISCONDUCT BY OFFICER FITZ-COY

35. On September 17, 2009, Fitz-Coy generated an affidavit ("Affidavit.") supplying the basis for the arrest and incarceration of Plaintiff.

36. The Affidavit was designed to cause the arrest of Plaintiff.

37. The Affidavit did cause the arrest of Plaintiff.

38. The Affidavit listed criminal conduct attributed to Plaintiff.

39. The listed allegations against Plaintiff in the Affidavit were false.

40. Defendant, Fitz-Coy was devoid of probable cause to draft and/or assert the existence of criminal allegations of misconduct by Plaintiff.

41. Fitz-Coy was devoid of arguable probable cause to draft and/or assert the existence of criminal allegations of misconduct by Plaintiff.

42. Fitz-Coy alleged that Plaintiff violated the following Florida Statute:

> **877.03  Breach of the peace; disorderly conduct.**—Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. <u>775.082</u> or s. <u>775.083</u>.
> **History.**—s. 1, ch. 59-325; s. 1147, ch. 71-136; s. 2, ch. 86-174.

43. Defendant, Fitz-Coy lacked arguable probable cause and/or probable cause to believe that Plaintiff violated the above statute.

44. Fitz-Coy implied that he was entitled to arrest Plaintiff with immunity from liability pursuant to the following Florida Statute:

> **509.143  Disorderly conduct on the premises of an establishment; detention; arrest; immunity from liability.—**
> (1)  An operator may take a person into custody and detain that person in a reasonable manner and for a reasonable time if the operator has probable cause to believe that the person was engaging in disorderly conduct in violation of s. 877.03 on the premises of the licensed establishment and that such conduct was creating a threat to the life or safety of the person or others. The operator shall call a law enforcement officer to the scene immediately after detaining a person under this subsection.
> (2)  A law enforcement officer may arrest, either on or off the premises of the licensed establishment and without a warrant, any person the officer has probable cause to believe violated s. 877.03 on the premises of a licensed establishment and, in the course of such violation, created a threat to the life or safety of the person or others.
> (3)  An operator or a law enforcement officer who detains a person under subsection (1) or makes an arrest under subsection (2) is not civilly or criminally liable for false arrest, false imprisonment, or unlawful detention on the basis of any action taken in compliance with subsection (1) or subsection (2).
> (4)  A person who resists the reasonable efforts of an operator or a law enforcement officer to detain or arrest that person in accordance with this section is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, unless the person did not know or did not have reason to know that the person seeking to make such detention or arrest was the operator of the establishment or a law enforcement officer.
> **History.**—s. 1, ch. 86-174; ss. 14, 52, ch. 90-339; s. 4, ch. 91-429.

45. Defendant, Fitz-Coy lacked both arguable probable cause and probable cause to believe that Plaintiff's actions created a threat to the life or safety of the person or others.

46. Defendant, Fitz-Coy is therefore not immune from liability for his illegal actions.

47. Defendant, Fitz-Coy performed a reckless investigation, which ultimately led to Plaintiff's wrongful arrest and incarceration.

## COUNT I – JOINT ACTION
### §1983 False Arrest

48. Plaintiff re-alleges the numbered paragraphs above as though fully set forth herein.

49. As a result of Defendants' misrepresentations, Plaintiff was arrested and incarcerated.

50. Defendant Mackey knew that Plaintiff did not commit any offense in her presence.

51. Defendants acted jointly with Defendant Fitz-Coy to cause the arrest of Plaintiff without probable cause to believe that Plaintiff committed criminal activity.

52. Therefore, the conduct of all of these Defendants violated of the Fourth Amendment to the United States Constitution.

53. The above described actions of the Defendants were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and award Plaintiff compensatory damages, punitive damages, costs, and attorney's fees against all Defendants, jointly and severally, and all additional relief this Court deems equitable and just.

## COUNT II – OFFICER FITZ-COY
### §1983 False Arrest

54. Plaintiff re-alleges the numbered paragraphs above as though fully set forth herein.

55. As a result of Officer Fitz-Coy's misrepresentations, Plaintiff was arrested and incarcerated.

56. . The actions of Officer Fitz-Coy caused the arrest of Plaintiff without probable cause and/or arguable probable cause to believe that Plaintiff committed any criminal activity.

57. Therefore, the conduct of Officer Fitz-Coy violated the Fourth Amendment to the United States Constitution.

58. The aforementioned actions of Officer Fitz-Coy were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and award Plaintiff compensatory damages, punitive damages, costs, and attorney's fees against Officer Fitz-Coy, and all additional relief this Court deems equitable and just

## COUNT III – JOINT ACTION

## §1983 Malicious Prosecution

59. Plaintiff re-alleges the numbered paragraphs above as though fully set forth herein.

60. Defendants were aware that Plaintiff was being arrested absent probable cause.

61. Defendants participated with Officer Fitz-Coy in the arrest of Plaintiff in joint action.

62. Defendants acted jointly with Officer Fitz-Coy to fabricate false probable cause.

63. Fellow Defendants acted jointly with Officer Fitz-Coy to fabricate false allegations against Plaintiff.

64. Fellow Defendants of Officer Fitz-Coy knew that Plaintiff did not commit a crime.

65. All the Defendants intended and foresaw that Plaintiff would be prosecuted with a crime causing Plaintiff to be incarcerated, suffer corresponding damage to his reputation, endure emotional pain and suffering, and experience significant financial loss.

66. The conduct of all of these Defendants in joint action violated the Fourth Amendment to the United States Constitution.

67. The above described actions of the Defendants were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and award Plaintiff compensatory damages, punitive damages, costs, and attorneys' fees against the Defendants, and all additional relief this Court deems equitable and just.

## COUNT IV– OFFICER FITZ-COY
## §1983 Malicious Prosecution

68. Plaintiff re-alleges the numbered paragraphs above as though fully set forth herein.

69. Officer Fitz-Coy knew that the allegations he asserted in the Affidavit were false and/or were made absent arguable probable cause. Notwithstanding this fact, Officer Fitz-Coy contrived a story that Plaintiff committed a crime.

70. The actions of Officer Fitz-Coy caused the arrest of Plaintiff without probable cause to believe that Plaintiff committed any criminal activity. Officer Fitz-Coy knew that, as a result of the arrest and fabrication of information, Plaintiff would be prosecuted, causing Plaintiff to be incarcerated, suffer damage to reputation, emotional pain and significant financial loss.

71. The conduct of Officer Fitz-Coy violated the Fourth Amendment to the United States Constitution.

72. The above described actions of Officer Fitz-Coy were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and award Plaintiff compensatory damages, punitive damages, costs, and attorneys' fees against Officer Fitz-Coy, and any additional relief this Court deems equitable and just

## COUNT V – OFFICER FITZ-COY
### State Claim - Malicious Prosecution

73. Plaintiff re-alleges the numbered paragraphs above as though fully set forth herein.

74. Officer Fitz-Coy knew that the allegations he asserted in the Affidavit were false and/or lacked probable cause. Notwithstanding this fact, Officer Fitz-Coy contrived a story that Plaintiff committed a crime.

75. The actions of Officer Fitz-Coy caused the arrest and prosecution of Plaintiff without probable cause to believe that Plaintiff committed any criminal activity.

76. The conduct of Officer Fitz-Coy violated of Florida State Law.

77. The above-described actions of Officer Fitz-Coy were the direct and proximate cause of the violations of Florida State Law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and award Plaintiff compensatory damages and costs against Officer Fitz-Coy, and all additional relief this Court deems equitable and just

## COUNT VI – REMAINING DEFENDANTS
### State Claim Malicious Prosecution

78. Plaintiff re-alleges the numbered paragraphs above as though fully set forth herein.

79. Defendants were aware that Plaintiff was being arrested absent a reasonable belief that Plaintiff any committed illegal activity.

80. Defendants knew that Plaintiff did not violate the law of the State of Florida and/or any other law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and award Plaintiff compensatory damages and costs against the Defendants, and all additional relief this Court deems equitable and just.

## COUNT VII – OFFICER FITZ-COY
### State Claim False Arrest

81. Plaintiff re-alleges the numbered paragraphs above as though fully set forth herein.

82. Officer Fitz-Coy arrested and/or proximately caused the arrest of Plaintiff absent of probable cause to believe that Plainitff committed a crime.

83. Officer Fitz-Coy arrested and/or proximately caused the arrest of Plaintiff absent of arguable probable cause to believe that Plaintiff committed a crime.

84. The conduct of Officer Fitz-Coy violated Florida State Law.

WHEREFORE, Plainitff respectfully requests that this Court enter judgment in favor of Plainitff and award Plainitff compensatory damages and costs from Officer, and all additional relief this court deems equitable and just.

### COUNT VIII – REMAINING DEFENDANTS
### State Claim False Arrest

85. Plaintiff re-alleges the numbered paragraphs above as though fully set forth herein.

86. . As a result of the misrepresentations of the Co-Investors, Plaintiff was arrested and incarcerated for a lengthy period of time.

87. Defendants were aware that Plaintiff would be arrested absent probable cause that Plaintiff had committed a crime.

88. Defendants knew that Plaintiff did commit any crimes under the laws of the State of Florida.

89. Defendants contrived a story that Plaintiff misrepresented the nature of an Option. The actions of all of the Co-Investors caused the arrest of Plaintiff without probable cause to believe that Plaintiff committed criminal activity. This misconduct also proximately caused Plaintiff to suffer emotional pain and suffering, a lengthy detention, and significant financial loss.

90. The conduct of all of the Co-Investors violated Florida law by proximately causing the arrest of Plaintiff.

### COUNT IX – UNKOWN DEFENDANTS
### State Claim Battery

91. Plaintiff re-alleges the numbered paragraphs above as though fully set forth herein.

92. Unknown boyfriend of Defendant Mackey and his unknown accomplice with the aid of Defendant Luc Havan committed acts intending to cause harmful or offensive contact with plaintiff, to wit: pummeled Plaintiff into unconsciousness.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and award Plaintiff compensatory damages and costs, and all additional relief this Court deems equitable and just

### COUNT IX – "SAND BAR"
### State Claim Negligent Supervision

93. Plaintiff re-alleges the numbered paragraphs above as though fully set forth herein.

94. Defendant employer, MARGARITA ISLAND INC. doing business as SAND BAR ISLAND BAR & GRILL becomes aware, or should have become aware, of problems with an employee Luc Havan that indicated his unfitness;

95. The Defendant employer owes a duty to plaintiff to protect the plaintiff from a particular injury or damage;

96. The Defendant employer breached its duty by failing to take further action, such as investigation, discharge, or reassignment;

97. Defendant employer's breach was the proximate cause of injury or damage to plaintiff; and

98. Plaintiff suffered damages in the caused by a physical impact as a result of the breach.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and award Plaintiff compensatory damages and costs, and all additional relief this Court deems equitable and just

### COUNT X – WEST PALM BEACH POLICE DEPARTMENT
### State Claim Negligent Supervision

99. Plaintiff re-alleges the numbered paragraphs above as though fully set forth herein.

100. Defendant employer, West Palm Beach Police Department becomes aware, or should have become aware, of problems with an employee Fitz-Coy that indicated his unfitness;

101. The Defendant employer owes a duty to plaintiff to protect the plaintiff from a particular injury or damage;

102. The Defendant employer breached its duty by failing to take further action, such as investigation, discharge, or reassignment;

103. Defendant employer's breach was the proximate cause of injury or damage to plaintiff; and

104. Plaintiff suffered damages in the caused by a physical impact as a result of the breach.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: September 17, 2013                                             Respectfully submitted,


By: _____
Jeffrey M. Siskind, Esquire
FBN 138746
525 Flagler Drive, Suite 500
West Palm Beach, FL 33401
Telephone: (561) 832-7720
Fax:         (561) 832-7668