UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80943-Civ-Middlebrooks/Brannon

ROBERT GIBSON,

    Plaintiff(s),

vs.

KELLI R. MACKEY, et al.,

    Defendant(s).
_____/



## ORDER OF REFERRAL TO MEDIATION

THIS CAUSE is before the Court for the purpose of setting pre-trial deadlines. Trial having been set in this matter, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.2, the Court ORDERS the following:

1. All parties must complete mediation or a settlement conference at least 60 days before the scheduled trial date.

## SETTLEMENT CONFERENCE

2. The parties may request a settlement conference before the undersigned Magistrate Judge in lieu of mediation with a certified mediator. Such conference will satisfy the requirement of court-ordered mediation, assuming good faith participation by the parties. To make the request, a designated party should contact Chambers (561-803-3470) within 14 days of this Order with proposed conference dates. The undersigned will thereafter issue an order setting forth the date, time, place, and procedures for the settlement conference.

## MEDIATION

3. Otherwise, Plaintiff's counsel, or another attorney agreed upon by all counsel of record and any unrepresented parties, shall schedule a mediation conference. The parties are encouraged to avail themselves of the services of any mediator on the List of Certified Mediators, maintained in the office of the Clerk of the Court, but may select any other mediator. The parties shall agree upon a mediator within 14 days of this Order. If there is no agreement, lead counsel shall promptly file a Request for Clerk to Appoint Mediator. The Clerk of the Court shall then designate, on a blind rotation basis, a mediator from the List of Certified Mediators. The following procedures shall apply for mediation.

4. A place, date, and time for mediation convenient to the mediator, counsel of record, and unrepresented parties shall be established. If the parties cannot agree to a place, date, and time for the mediation, they may move the Court for an order dictating the place, date, and time.

5. The appearance of counsel and each party or representatives of each party with full authority to enter into a full and complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority to settle up to the policy limits or the most recent demand, whichever is lower, shall attend.

6. All proceedings of the mediation shall be confidential and privileged.

7. At least 14 days prior to the mediation date, each party shall submit to the mediator a brief, confidential case summary, identifying issues to be resolved.

8. The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements herein or who

otherwise violate this Order. The mediator shall report non-attendance and may recommend imposition of sanctions by the Court for non-attendance.

9. The mediator shall be compensated in accordance with the standing order of the Court entered under Local Rule 16.2(b)(6), or on such basis as may be agreed to in writing by the parties and the agreed-upon mediator. The mediation cost shall be shared equally by the parties unless otherwise ordered by the Court. All payments shall be remitted to the mediator within 45 days of the date of the bill. Notice to the mediator of cancellation or settlement prior to the scheduled mediation conference must be given at least 3 full business days in advance. Failure to do so will result in imposition of a fee for 2 hours.

10. If a full or partial settlement is reached in this case, counsel shall promptly notify the Court of the settlement in accordance with Local Rule 16.2(f), by filing a notice of settlement signed by counsel of record within 14 days of the mediation conference. Thereafter, the parties shall forthwith submit an appropriate pleading concluding the case, in whole or in part.

11. Within 7 days after the mediation conference, the mediator shall file a Mediation Report stating if (1) all required parties were present, and (2) the case settled (in full or in part) or not, or if the mediation was adjourned.

12. Post-Mediation Settlement Conference: If the parties elect to proceed to mediation but no complete settlement is reached, they may move for a settlement conference before the undersigned later in the proceedings.

## SANCTIONS FOR NON-COMPLIANCE

13. If mediation or a settlement conference is not completed, the case may be stricken from the trial calendar, and other sanctions may be imposed.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 13th day of November, 2013.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE