# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

## CASE NO. 9:13-CV-80943-DMM

ROBERT GIBSON,

       Plaintiff,

v.

KELLI R. MACKEY, Her unknown
Boyfriend, his Accomplice, and LUC
HAVAN, MARGARITA ISLAND INC.
doing business as SAND BAR ISLAND
BAR & GRILL, OFFICER SIDNEY
FITZ-COY, in his individual capacity,
and WEST PALM BEACH, FLORIDA
POLICE DEPARTMENT,

       Defendants.

_____/

## DEFENDANTS LUC HAVAN'S AND MARGARITA ISLAND, INC.'S MOTION TO DISMISS AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Luc Havan ("Havan") and Margarita Island, Inc., doing business as Sand Bar Island Bar & Grill ("Margarita Island"), move to dismiss Plaintiff's Amended Complaint [ECF No. 16].

The law is clear: 42 U.S.C. § 1983 ("§1983") applies only to persons acting under the color of law as state actors. Only under exceedingly rare and specific circumstances can §1983 be applied to private parties, and none of those unique circumstances are present here. For this reason alone, Plaintiff's Amended Complaint fails to state a cause of action against Havan and Margarita Island, and these Defendants should be dismissed.

Moreover, Plaintiff's state law claims for malicious prosecution, false arrest, and negligent supervision also fail to state claims upon which relief can be granted. The conclusory and sparse allegations of the Amended Complaint do not meet any of the elements required to plead these claims. In fact, it appears that Count VIII for false arrest does not even apply to the parties named in this suit. Accordingly, all counts against Defendants Havan and Margarita Island should be dismissed.

## MEMORANDUM OF LAW

### I.    Plaintiff's Amended Complaint does not meet applicable pleading standards.

"When reviewing a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all of the allegations in the plaintiff's complaint as true and construe the facts in a light most favorable to the plaintiff." *GJR Invs. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998). Even when viewed through the lens of this favorable standard, Plaintiff's Amended Complaint does not state claims upon which relief can be granted.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554-55 (2007). Further, a plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, and to indicate the presence of the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc*., 326 F.3d 1183, 1185 (11th Cir. 2003). As the Supreme Court stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), a complaint requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . Nor does a complaint suffice if it tenders

'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (internal citations omitted).

The Amended Complaint falls woefully short of this requisite pleading standard. There are no specific allegations of conduct attributable to Havan or Margarita Island that substantiates any of the counts leveled against them. The Amended Complaint mentions Havan only four times. ECF No. 16 at ¶¶ 17, 27, 102, 104. None of those mentions provide any insight whatsoever as to Havan's acts that may render him liable under any of the various posited theories. The scant allegations against Margarita Island in Count X for negligent supervision fare no better.

The remaining allegations that may conceivably apply to Havan or Margarita Island merely consist of naked and vague assertions regarding the conduct of "Defendants." There is no indication as to which defendant took which action, what the alleged acts may have been, or how any such acts harmed Plaintiff. More important, there is no contention that any specific conduct by Havan or Margarita Island was the cause of Plaintiff's supposed injury or deprivation of rights. Accordingly, Plaintiff fails to state a claim against Havan or Margarita Island for any §1983 violations, state law violations, or negligent supervision. All counts as to both Defendants should be dismissed.

## II. Plaintiff's §1983 claims (Counts I and III) fail to state a cause of action because Havan and Margarita Island are private actors.

Section 1983 claims "can only be brought against 'person[s] acting under color of state law.'" *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes. Merely making a report of perceived misconduct and furnishing information to the police is not such a 'rare circumstance.'" *Kelly v. Broward Sheriff's Office*, No. 13-10327, 2014 U.S. App. LEXIS

3

1218 at *7-8 (11th Cir. Jan. 23, 2014) (internal citations omitted); *see also Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §§ 1983 or 1985.").

Here, there is no question that Havan and Margarita Island are private parties that did not act under the color of state law.  The Amended Complaint does not even attempt to characterize Margarita Island, the small business that Plaintiff voluntarily patronized, and Havan, an employee of Margarita Island, as anything but a private entity and individual.  Indeed, there are absolutely no allegations of Havan's or Margarita Island's involvement or perceived "role" in Plaintiff's arrest.  The few allegations that even mention Havan only state that Havan removed Plaintiff from the establishment.  ECF No. 16 at ¶¶ 17, 27.  Even if the Amended Complaint could somehow be construed as including Havan in the various assertions regarding inaccurate reports made to the arresting officer, this would still fail to state a claim under §1983.  *See Kelly*, 2014 U.S. App. LEXIS 1218 at *7-8 (finding that making a report to police does not make a private citizen liable as a state actor under §1983.).  Because the Amended Complaint fails to plead any facts to support the status of either Havan or Margarita Island as persons acting under color of state law, all of the §1983 claims against these Defendants must be dismissed.

**III.** **The Amended Complaint does not satisfy the joint action test as to private defendants to be able to sustain Plaintiff's §1983 claims (Counts I and III).**

In very rare circumstances, private individuals can be considered public actors for purposes of §1983.  The Eleventh Circuit has recognized three tests for establishing state action by what is otherwise a private person or entity:  The public function test, the state compulsion test, and the nexus/joint action test.   *See Shortz v. UPS*, 179 Fed. Appx. 644, 645 (11th Cir. 2006) (upholding dismissal of §1983 claims because defendant was a private entity and none of

the three tests could be applied to alleged misconduct); *see also Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (upholding dismissal of §1983 action where conduct of private actors could not be converted into conduct of state actors).  In *Shortz*, the Eleventh Circuit succinctly summarized the applicability of each test.

> The public function test is satisfied when private actors perform a function that is "traditionally the exclusive prerogative of the state."  The state compulsion test limits state action to instances when the government has coerced or at least significantly encouraged the acts alleged to be unconstitutional.  The nexus/joint action test is met when the state and the private party are in such a position of interdependence that the alleged conduct constitutes a joint action.

*Shortz*, 179 Fed. Appx. at 645 (internal citations omitted).  In light of these requirements, the public function test cannot be satisfied because no reading of the Amended Complaint could be construed as alleging that Havan and Margarita Island performed a function that is traditionally the exclusive prerogative of the state.  Nor can the state compulsion test be satisfied where there is no indication that the government coerced or encouraged Havan and Margarita Island to do any act.

This leaves the nexus/joint action test as the only test that could arguably apply to Havan and Margarita Island.  To properly plead that there was any joint action between Defendants and the arresting officer, Plaintiff must specifically detail the existence and nature of some type of conspiracy between Havan, Margarita Island, and the officer.  *See Harvey*, 949 F.2d at 1133.  In *Harvey*, the Eleventh Circuit held that merely stringing together a discrete series of events, without showing contacts between private and state actors to prove a conspiracy to violate rights was wholly insufficient to meet the joint action test.  *Id.*  Plaintiff does not allege any specific contact between the officer and Havan or Margarita Island.  *See, e.g., Kelly*, 2014 U.S. App. LEXIS 1218 at *7-8 (finding that minimal facts alleged in complaint failed to prove that

defendant's cooperation with police constituted state action). There is no assertion of any conspiracy or collusion, nor is there any requisite specificity to support any alleged collusive conduct. The absolute void of any allegation that satisfies the joint action test is determinative. All §1983 claims against Havan and Margarita Island must be dismissed.

**IV.**    **Plaintiff's state law claims for malicious prosecution (Count VI) and false arrest (Count VIII) also fail.**

For many of the same arguments detailed above, Plaintiff also fails to plead his state law claims against Havan and Margarita Island for malicious prosecution and false arrest. In Florida, a plaintiff must establish each of six elements to support a claim for malicious prosecution: (1) the institution of an original judicial proceeding against the plaintiff; (2) the defendant being the legal cause of the original proceeding; (3) termination of the proceeding in favor of the accused/plaintiff; (4) absence of probable cause for the proceeding; (5) malice on the part of the defendant; and (6) the plaintiff suffering damages as a result of the original proceeding. *See Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11 Cir. 2004) (*citing Durkin v. Davis*, 814 So. 2d 1246, 1248 (Fla. 2d DCA 2002)); *see also Alamo Rent-A-Car v. Mancusi*, 632 So. 2d 1352 (Fla. 1994). At the very least, Plaintiff is required to show that the defendants conspired with malicious intent to deprive him of his constitutional rights. *See Cline v. City of N. Miami*, No. 10-20656-CIV-SEITZ, 2010 U.S. Dist. LEXIS 106682 (S.D. Fla. Apr. 27, 2010).

Plaintiff cannot assert that Havan or Margarita Island were the legal cause of the original proceeding, nor does he contend that there was a conspiracy among Havan, Margarita Island, and the officer. Additionally, the Amended Complaint fails to plead any malice on the part of Havan or Margarita Island. Plaintiff has not, and cannot, allege a claim for malicious prosecution under Florida Law, and therefore Count VI should be dismissed as to Havan and Margarita Island.

As to Count VIII for false arrest, the Amended Complaint is unintelligible.  Based on what appears to be a copy-and-paste operation gone awry, the allegations of Count VIII do not even apply to the bare-bones assertions of the Amended Complaint, and the count itself gives no clue that it even applies to the parties in this action.  ECF No. 16 at ¶¶ 96, 99, 100.  Count VIII must be dismissed.

**V.     Plaintiff's negligent supervision claim (Count X) fails to state a claim.**

"In order to state a claim for negligent supervision under Florida law, a plaintiff must assert that the employer knew or should have known of the particular employee's harmful propensities, failed to take any corrective action, and such failure caused the alleged harm." *Malicki v. Doe*, 814 So. 2d 347, 362 (Fla. 2002).  "The plaintiff must allege facts sufficient to show that once an employer received actual or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action."  *Department of Environmental Protection v. Hardy*, 907 So. 2d 655, 660 (Fla. 5th DCA 2005) ("The burden is on the plaintiff to show that the employer had notice of the 'harmful propensities' of its employee.") (*citing Willis v. Dade County Sch. Bd.*, 411 So. 2d 245, 246 n.1 (Fla. 3d DCA 1982)).  "Additionally, the employer's failure to investigate or take corrective action 'must be the proximate cause of the plaintiff's harm,' and there must be 'a connection and foreseeability between the employee's employment history and the current tort committed by the employee.'"  *Hardy*, 907 So. 2d at 660-61.

Here, not only does the Amended Complaint fail to plead any facts to demonstrate that Margarita Island had any knowledge or notice of problems with Havan's fitness as an employee, but it also lacks any basis whatsoever to even imply that Havan had any "harmful propensities" to begin with.  Finally, the Amended Complaint contains no allegations showing how Margarita Island's failure to investigate or take corrective action was the proximate cause of Plaintiff's

alleged injury.  Count X, being utterly unable to state a cause of action for negligent supervision under the pleading standards of *Iqbal* and *Twombly*, must be dismissed.

## VI.     The Amended Complaint should be dismissed in its entirety because it is a shotgun pleading.

Every count of the Amended Complaint reincorporates all of the paragraphs before it by stating, "Plaintiff re-alleges the numbered paragraphs above as though fully set forth herein." ECF No. 16 at ¶¶ 58, 64, 69, 78, 83, 88, 91, 95, 101, 103, 109.  This improperly renders the Amended Complaint a "shotgun pleading."  As the Eleventh Circuit has repeatedly found, this is improper pleading that violates Rule 8, and the Amended Complaint must be dismissed.  *See, e.g., Byrne v. Nezhat*, 261 F.3d 1075, 1128-34 (11th Cir. 2001) ("Shotgun pleadings . . . impede[] the due administration of justice and, in a very real sense, amount[] to obstruction of justice.") (internal citation omitted); *Magluta v. Samples*, 256 F.3d 1282, 1284-85 (11th Cir. 2001) (finding a "quintessential 'shotgun' pleading of the kind [this court has] condemned repeatedly, beginning at least as early as 1991" because "[i]t is in no sense the 'short and plain statement of the claim' required by Rule 8"); *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Comm. Coll*., 77 F.3d 364, 366 (11th Cir. 1996) ("[Plaintiff's] complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.") (internal citation omitted); *Pelletier v. Zweifel*, 921 F.2d 1465 (11th Cir. 1991) (describing "quintessential shotgun pleadings" complete with "rambling recitations" and "factual allegations that could not possibly be material" that force the "district court [to] sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted").

VII.    **Conclusion**

Each and every count in the Amended Complaint is deficient as to the claims against Havan and Margarita Island.  For the foregoing reasons, this Court should dismiss all counts alleged against Havan and Margarita Island, Inc.  Additionally, the Amended Complaint must be dismissed in its entirety because it is a shotgun pleading.  Defendants Havan and Margarita Island respectfully request that this Court enter an order dismissing the Amended Complaint.

Dated:  March 7, 2014                    Respectfully submitted,

                                         Kim Vaughan Lerner LLP
                                         One Financial Plaza, Suite 2001
                                         Fort Lauderdale, Florida 33394
                                         (954) 527-1115  Telephone
                                         (954) 527-1116  Facsimile

                                         By:  /s/Jay Kim, P.A
                                              Jay Kim, P.A. (Fla. Bar No. 137863)
                                              Leah B. Storie (Fla. Bar No. 42522)

                                         *Counsel for Defendants Margarita Island, Inc.
                                         and Luc Havan*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

/s/Jay Kim, P.A

## SERVICE LIST

Jeffrey M. Siskind, Esq.
Law Office of Jeffrey M. Siskind
525 South Flagler Drive, Suite 500
West Palm Beach, Florida 33401
Telephone:      (561) 832-7720
Facsimile:      (561) 832-7668

*Counsel for Plaintiff*

VIA CM/ECF